STATE v. BROWN

[142 N.C. App. 332 (2001)]

STATE OF NORTH CAROLINA v. VIRGIL JAY BROWN

No. COA00-526

(Filed 20 February 2001)

**Search and Seizure— anonymous tip—illegal stop and frisk**

The trial court should have granted a motion to suppress in a narcotics prosecution where a detective received a call from the 911 center that a "concerned citizen" had called to complain that two black males were rolling marijuana cigarettes and selling crack on the porch of a vacant house under construction; the clothing of the two black males was described; officers proceeded to the area and found a vacant house under construction, but with no black males on the porch; three black males and one black female were sitting on the porch of the house next door; two of the males wore clothing fitting the description given by the caller; officers approached the group; the three men denied having drugs; officers patted them down; defendant tried to pull away and was arrested for hindering an officer; and crack was recovered from defendant's boots in a search incident to arrest. The tip in this case lacked minimal corroboration and failed to exhibit sufficient reliability to provide the detective with reasonable suspicion that defendant was engaged in criminal activity. The subsequent arrest and search resulted from an illegal stop and frisk.

Appeal by defendant from judgment entered 27 October 1999 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 5 February 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General William B. Crumpler, for the State.*

*Hall, Cashwell & Sullivan, L.L.P., by Dennis H. Sullivan, Jr. and Patrick J. Mulligan, IV, for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's order denying his motion to suppress. Following denial of the motion, defendant pled guilty to felony possession of cocaine and was sentenced to a five month minimum and six month maximum term of imprisonment. The sentence was suspended and defendant placed on supervised probation for eighteen months.

The sole question raised on appeal is the propriety of the trial court's denial of defendant's motion to suppress. At issue is whether an anonymous tip contained sufficient indicia of reliability to permit law enforcement officers to stop and frisk defendant. For the reasons that follow, we reverse the trial court's order, vacate the judgment, and remand so as to allow defendant to withdraw his guilty plea.

Evidence at the suppression hearing indicated that at approximately 3:45 p.m. on 27 January 1999, Detective Donna Brown (Brown), a member of the City-County Vice and Narcotics Unit in Wilmington, received a call from the 911 Center stating a "concerned citizen" had telephoned to complain that two black males were rolling marijuana cigarettes and selling crack cocaine on the porch of a vacant house under construction at the corner of Eighth and Ann Streets. According to the citizen, one of the black males was wearing a grey t-shirt and jeans while the other was wearing a black t-shirt and jeans.

Having received prior complaints of drug activity on Ann Street, Brown and two other officers, Detective Oaks (Oaks) and Detective Blackmon, proceeded to the area where they observed a vacant house under construction but no black males on the porch. However, the officers did see three black males and a black female sitting on the porch of a house next door. Two of the males wore clothing fitting the description given by the caller. However, defendant, the third male, was wearing a black pullover shirt and camouflage pants.

The officers approached the group and related the complaint they had received. The three men denied having any drugs, and the officers patted them down in search of weapons. As Oaks neared defendant's boots while conducting the search, defendant asked why he was being searched and attempted to pull away from Oaks. Defendant was placed under arrest for hindering and delaying a law enforcement officer in the performance of his duties. Incident to this arrest, Oaks searched defendant's boots and recovered a substance appearing to be crack cocaine.

The trial court entered findings of fact consistent with the foregoing evidence and concluded Oaks had a reasonable suspicion that criminal activity might be underfoot and that defendant might be armed and dangerous, thereby permitting Oaks to conduct a warrantless patdown search. The court also concluded Oaks possessed probable cause to arrest defendant for hindering and delaying a law

enforcement officer in the performance of his duties and that Oaks conducted a lawful search of defendant incident to that arrest.

With admirable candor, the State concedes it is unable to distinguish the instant case from the recent United States Supreme Court decision in *Florida v. J.L.*, 529 U.S. 266, 146 L. Ed. 2d 254 (2000) and that it

> is therefore unable to make a good faith argument in opposition to defendant's claim of error from the denial of his motion to suppress.

We are compelled to agree with the State's determination.

In *J.L.*, two police officers responded to an anonymous tip that a young black male wearing a plaid shirt and standing at a specific bus stop was carrying a gun. Upon arriving at the location, the officers observed three black males standing at the bus stop. One, defendant J.L., was wearing a plaid shirt. An officer conducted a stop and frisk search of J.L. and discovered a concealed weapon on his person. J.L., a juvenile, was subsequently charged and convicted of carrying a concealed weapon and possessing a weapon in violation of Florida law.

On J.L.'s ultimate appeal, the United States Supreme Court held that the anonymous tip lacked sufficient indicia of reliability to justify the stop and frisk of J.L.:

> Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity[.]"

*Id.* at —, 146 L. Ed. 2d at 260 (citing *Adams v. Williams*, 407 U.S. 143, 146-47, 32 L. Ed. 2d 612 (1972) and quoting *Alabama v. White*, 496 U.S. 325, 329, 110 L. Ed. 2d 301, 308 (1990)).

The Court acknowledged the existence of situations in which anonymous tips, if suitably corroborated, might contain sufficient indicia of reliability to permit an investigatory stop, such as when a tipster provides information regarding an individual's future movements and activities. However, the Court continued, while an accurate description of a subject's appearance and location may be of some value, such information standing alone does not indicate the tipster possessed reliable knowledge of some illegal activity. Finally, the Court concluded,

**STATE v. BROWN**

[142 N.C. App. 332 (2001)]

[a]ll the police had to go on in this case was the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about J.L.

*Id.* at ——, 146 L. Ed. 2d at 260-61.

Similarly, in the case *sub judice*, "all the police had to go on" was a report from an anonymous citizen who supplied no information as to how the informant came upon the information nor any other basis for the asserted report. Indeed, defendant herein failed to meet the description given by the anonymous caller, and the officers did not locate two black males on the porch of the house identified by the caller. The tip at issue thus lacked the minimal corroboration present in *J.L.* and failed to exhibit sufficient reliability so as to provide Oaks with a reasonable suspicion that defendant was engaged in criminal activity.

Because the subsequent arrest and search of defendant's person resulted from an illegal stop and frisk under *J.L.*, the evidence seized as a result must be suppressed.

When evidence is obtained as the result of illegal police conduct, not only should that evidence be suppressed, but all evidence that is the "fruit" of that unlawful conduct should be suppressed.

*State v. Pope*, 333 N.C. 106, 113-14, 423 S.E.2d 740, 744 (1992) (citations omitted). The order of the trial court is therefore reversed, its judgment vacated, and this matter remanded to the trial court to allow defendant to withdraw his guilty plea.

Reversed, judgment vacated, and case remanded.

Judges GREENE and WALKER concur.